## MASON et al. v. UNITED PRESS OF ILLINOIS.

(Supreme Court, Appellate Division, First Department.   May 11, 1900.)

JUDGMENT—DEFAULT—VACATION—CONDITIONS—APPEAL—WARRANTY.

Where an order was made opening a default judgment, and giving defendant 20 days in which to answer, and plaintiff appeals from so much of the order as refuses to allow the judgment to stand as security, and there is nothing in the order to show that there was such refusal, or that application therefor was made, the appeal will be dismissed, since the determination as to the terms imposed can only be reviewed by appeal from the order.

Appeal from special term.

Action by Frederick G. Mason, as assignee, and another, against the United Press of Illinois. From part of an order of the special term opening a default judgment against defendant, refusing to allow judgment to stand as security, plaintiffs appeal. Dismissed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

A. Walker Otis, for appellants.
Flamen B. Candler, for respondent.

INGRAHAM, J. The plaintiffs having commenced this action, judgment was entered against the defendant by default, for want of an answer, on December 28, 1899. Immediately after, the defendant made a motion to open the default and to set aside the judgment, and for leave to answer. Upon that motion an order was entered opening the default, setting aside the judgment, and allowing the defendant to answer within 20 days from the entry of the order, upon payment of $10 costs. The plaintiffs appealed, not from the order, but from so much of the order as refuses to allow the judgment entered in the creditors' action brought thereon to stand as security. We think no question is presented upon this appeal. There is nothing in the order which refuses to allow the judgment to stand as security, nor does it appear that any application for such a provision was made. The plaintiffs have not seen fit to appeal from the order setting aside the judgment and opening the default. The determination as to the terms imposed by the court as a condition for opening the default could only be reviewed by a direct appeal from the order which imposed them, and such an appeal has not been taken.

It follows that the appeal must be dismissed, with $10 costs and disbursements. All concur.